# COMPOSITE EXHIBIT A

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NUMBER:  13-01659CA23

YEMANDE GIBSON

       Plaintiff

vs.

**SUMMONS**

MIAMI-DADE COUNTY SCHOOL
BOARD, a Governmental Agency,
of the State of Florida, MIAMI-DADE
SCHOOLS SUPERINTENDENT,
ALBERTO CARVALHO, MIAMI-DADE
SCHOOL POLICE DEPARTMENT,
an agency of the City of Miami, and
MIAMI-DADE SCHOOLS POLICE CHIEF
CHARLES HURLEY, in their Official and
Individual capacities.

       Defendant(s)

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on
the **Defendant, MIAMI-DADE COUNTY SCHOOL BOARD,** by Serving:

       Miami-Dade School Board
       By serving Alberto Carvalho, as Superintendent of Schools
       1450 NE 2nd Ave.
       Miami, FL 33132

Each defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney
whose address is:

       **Victor G. Swift, Esquire**
       **GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.**
       **221 East Osceola Street**
       **Stuart, FL 34994**

within 20 days after service of this summons on that defendant, exclusive of the date of service, and to file
the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or
immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the
relief demanded in the complaint or petition.

DATED on _____FEB 2 0 2013_____

As Clerk of the Court

By _____

As Deputy Clerk

"In accordance with the Americans with Disability Act, persons with disabilities needing a special accommodation to participate in these proceedings should contact the Court Administrator at 73 W. Flagler St., Miami, Fl 33130 (305) 275-1175, no later than seven (7) days prior to proceedings.  If hearing impaired, (TDD) 1/800/955-8771 or Voice 1/800/955-9770 via Florida Relay Service"

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados  a partir del recibo do esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, deba presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado du sus engresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por coreo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's attorney". (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ce-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier cir-dessus et due num des parties nommees ici, si vous shohaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations jurisdiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vouz pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (frigurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Poignant ou a son avocat) nomme ci-dessous.

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte (COURT'S ADDRESS HERE), kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte la ki nan  (COURT'S ADDRESS HERE); telefòn li se (    ) nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NUMBER:   13-01659CA23

YEWANDE GIBSON

       Plaintiff

vs.

                                   **SUMMONS**

MIAMI-DADE COUNTY SCHOOL
BOARD, a Governmental Agency,
of the State of Florida, MIAMI-DADE
SCHOOLS SUPERINTENDENT,
ALBERTO CARVALHO, MIAMI-DADE
SCHOOL POLICE DEPARTMENT,
an agency of the City of Miami, and
MIAMI-DADE SCHOOLS POLICE CHIEF
CHARLES HURLEY, in their Official and
Individual capacities.

           Defendant(s)

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on
the Defendant, **ALBERTO CARVALHO**:

       Alberto Carvalho, Superintendent of Schools
       Miami-Dade School Board
       1450 NE 2nd Ave.
       Miami, FL 33132

Each defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney
whose address is:

       **Victor G. Swift, Esquire**
       **GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.**
       **221 East Osceola Street**
       **Stuart, FL 34994**

within 20 days after service of this summons on that defendant, exclusive of the date of service, and to file
the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the
relief demanded in the complaint or petition.

DATED on _____ FEB 2 0 2013 _____

                        As Clerk of the Court

                        By _____
                            As Deputy Clerk

"In accordance with the Americans with Disability Act, persons with disabilities needing a special accommodation to participate in these proceedings should contact the Court Administrator at 73 W. Flagler St., Miami, Fl 33130 (305) 275-1175, no later than seven (7) days prior to proceedings.  If hearing impaired, (TDD) 1/800/955-8771 or Voice 1/800/955-9770 via Florida Relay Service"

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo do esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, deba presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado du sus engresos o propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

   Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por coreo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's attorney". (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ce-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisiant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier cir-dessus et due num des parties nommees ici, si vous shohaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations jurisdiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vouz pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (frigurant a l'annuaire de telephones).

   Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Poignant ou a son avocat) nomme ci-dessous.


   "Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte (COURT'S ADDRESS HERE), kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte la ki nan  (COURT'S ADDRESS HERE); telefòn li se (   ) nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:
JUDGE:        **13-01659 CA 23**

YEWANDE GIBSON

     Plaintiff,

 MIAMI-DADE COUNTY SCHOOL
BOARD, a Governmental Entity,
MIAMI-DADE SCHOOLS SUPERINTENDENT,
ALBERTO CARVALHO, in his Official
capacity, MIAMI-DADESCHOOL POLICE DEPARTMENT,
an agency of Miami-Dade Public Schools,
and MIAMI-DADE SCHOOLS POLICE CHIEF,
CHARLES HURLEY, in his Official, capacity.
     Defendants.

### II.    TYPE OF CASE   (If the case fits more than one type of case, select the most definitive category.)
If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto Negligence
☐ Negligence—other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence

☐ Homestead residential foreclosure $0 - $50,000
☐ Homestead residential foreclosure
   $50,001-$249,999
☐ Homestead residential foreclosure $250,000 or more
☐ Nonhomestead residential foreclosure
   $0 - $50,000
☐ Nonhomestead residential foreclosure
   $50,001 - $249,999
☐ Nonhomestead residential foreclosure
   $250,000 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,0001 - $249,999
☐ Other real property actions $250,000 or more

☐ Premises liability—commercial
☐ Premises liability—residential
☐ Products liability
☐ Real property/Mortgage foreclosure

  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure
    $50,001 - $249,999
  ☐ Commercial foreclosure $250,000
    or more
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
  ☒ Other
☐ Antitrust/Trade regulation
☐ Business transactions
☐ Constitutional challenge—statute or ordinance

☐ Libel/Slander
☐ Shareholder derivative action
☐ Securities litigation
☐ Trade secrets
☐ Trust litigation

**III.   REMEDIES SOUGHT (check all that apply)**
  ☒ Monetary
  ☐ Non-monetary
  ☐ Punitive

**IV.   NUMBER OF CAUSES OF ACTION: (    )**
  (Specify) SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT, NEGLIGENT INFLICTION
  OF EMOTIONAL HARM, INTENTIONAL INFLICTION OF EMOTIONAL HARM

**V.   IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ Yes
  ☒ No

**VI.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ No
  ☐ Yes – If "yes" list all related cases by name, case number and court:
  _____
  _____
  _____

**VII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ Yes
  ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _Victor D. Swift_ FOR: 0071048   Florida Bar # _187843_
Attorney or party (Bar # if attorney)

WILLIE E. GARY                                      1/14/13
(type or print name)                               Date

**\* \* \* \*  DUPLICATE  \* \* \* \***

**O f f i c i a l   R e c e i p t**
Please keep this receipt for your records

Miami-Dade County Clerk's Office
Office: Civil Circuit New Suits - C- CIVN
73 West Flagler StrPhone:
Date:1/15/2013 4:11 PM  Cashier: AHodge

Batch# 82805    PC# DC01CU12   Trans# 46

- - - - - - - - - - - - - - - -

Receipt# 2120047      Civil Circuit Fee
                        Clerk:  AH
    Acct#  13001659CA01  Sect:  23
    Style: GIBSON, YEWANDE
    **Name:**

3100  Circuit Filing Fee
  41 Circuit Filing Fee          $401.00
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
3188  Refund (Fee - Cir)         $40.00

A refund for the above amount
will be sent to the following:

  GARY, WILLIAMS, FINNEY, LEWES
  221 SE OSCEOLA ST
  STUART, FL 34994

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
==================================================
Transaction Total:             $441.00

Check #055842   Ck Amount =     $441.00

Thank you for your payment.
Have a nice day!

**\* \* \* \*  DUPLICATE  \* \* \* \***

IN THE CIRCUIT COURT OF THE
ELEVENTH CIRCUIT OF FLORIDA IN
AND FOR DADE COUNTY

13-01659 CA 23

YEWANDE GIBSON

    Plaintiff.

**COMPLAINT FOR DAMAGES**

v.

MIAMI-DADE COUNTY SCHOOL
BOARD, a Governmental Entity,
MIAMI-DADE SCHOOLS SUPERINTENDENT,
ALBERTO CARVALHO, in his Official
capacity, MIAMI-DADE
SCHOOL POLICE DEPARTMENT,
an agency of Miami-Dade Public Schools,
and MIAMI-DADE SCHOOLS POLICE CHIEF
CHARLES HURLEY, in his Official
capacity.

    Defendants.

_____/

        COMES NOW, the Plaintiff, YEWANDE GIBSON, by and through her

undersigned counsel and hereby files this Complaint for damages against the above-named

Defendants, MIAMI-DADE COUNTY SCHOOL BOARD, MIAMI-DADE SCHOOLS

SUPERINTENDENT, ALBERTO CARVALHO, MIAMI-DADE SCHOOL POLICE

DEPARTMENT, and MIAMI-DADE SCHOOLS POLICE CHIEF, CHARLES HURLEY and as

grounds therefore allege:

**I. NATURE OF THE CLAIM**

1.    Plaintiff, YEWANDE GIBSON,  seeks compensatory damages based upon

Defendants continuing deprivation of rights accorded to the Plaintiff under the laws of the United Stated and the State of Florida resulting from the acts and/or omissions of the named Defendants that constitute the following causes of action; (a) sexual harassment; (b) hostile work environment; (c) negligent infliction of emotional harm; (d) intentional infliction of emotional harm; (e) Discrimination in violation of Section 1981 of the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42 U.S.C. 1981 ( " Section 1981") and Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000 ( "Title VII"); (f) Discrimination in violation of Florida Statute §760.10 ( "Florida Civil Rights Act"); and (g) retaliation.

2.      Plaintiff filed her Sexual Harassment Complaint with the Equal Employment Opportunity Commission and a Right to Sue Letter has been issued for Plaintiff.   (See Exhibit A attached )

## II. JURISDICTION

3.      This Court has Jurisdiction to hear this action over said claims arising under Florida state law - Florida Statute 760.

4.      This is an action for damages in excess of $15,000.00 exclusive of interest and costs.

5.      Venue is proper in Miami-Dade County, Circuit Court pursuant to Florida Statute 760, because Defendants MIAMI-DADE COUNTY SCHOOL BOARD'S principal place of business is located in Miami-Dade County, Florida,    MIAMI-DADE COUNTY SCHOOL POLICE DEPARTMENT is located in Miami-Dade County, Florida, Miami-Dade County School Superintendent, ALBERTO CARVALHO, is a resident of Miami-Dade County, Florida,   Miami-Dade County School Police CHIEF CHARLES HURLEY,  is a resident of Miami- Dade County and the cause of action arose and occurred in  Miami-Dade County, Florida.

## III. PARTIES

6.      Plaintiff, YEWANDE GIBSON, is an African-American female Police

Officer employed by the Miami-Dade School Police Department, is over the age of eighteen (18),

a citizen of Florida, residing in Miami-Dade County, Florida, and is otherwise sui juris.

7.      Defendant, MIAMI-DADE SCHOOL BOARD, is a Governmental Entity, operating in

Miami-Dade County, Florida and is subject to the jurisdiction of this Court.

8.      Defendant, Miami-Dade School Board, Superintendent, ALBERTO CARVALHO,

is over the age of eighteen (18), is a citizen of Florida, residing in Miami-Dade County, Florida, and

is otherwise sui juris. At all times material hereto, Defendant, ALBERTO CARVALHO was acting

in the scope of his employment as Superintendent of Miami-Dade County Schools.

9.      Defendant, MIAMI- DADE SCHOOL POLICE DEPARTMENT, is an agency

/subdivision of the Miami - Dade County Schools, located in Miami-Dade County, Florida and is

subject to the jurisdiction of this Court.

10.      Defendant, CHARLES HURLEY, is Chief of the MIAMI-DADE SCHOOL POLICE

DEPARTMENT, is over the age of eight (18) , is a citizen of Florida, residing in Miami- Dade

County, Florida and is otherwise sui juris. At all times material hereto, CHARLES HURLEY was

acting in the scope and course of his employment as Chief of said Police.

11.      At all times, the Plaintiff was an employee of the Defendant, MIAMI-DADE SCHOOL

POLICE DEPARTMENT, during the time the acts complained of occurred.

12.      Plaintiff filed claims with the Equal Employment Opportunity Commission and has

received her Right-to- Sue letter.

## FACTUAL ALLEGATIONS  OF SEXUAL HARASSMENT
## AGAINST POLICE CHIEF CHARLES HURLEY

13.      That in 2007 Defendant, CHIEF CHARLES HURLEY asked Plaintiff to accompany him

to a house he had renovated to show her the renovations. Once inside the house, CHIEF CHARLES

HURLEY grabbed  Plaintiff around the torso, forced his tongue in Plaintiff's mouth, unziped his

trousers and forced Plaintiff's hand onto his penis, all before Plaintiff was able to break away and

flee from the house.

14.     That Defendant, CHIEF CHARLES HURLEY, immediately thereafter callsed Plaintiff on

the telephone and insisted that Plaintiff not mention/disclose this incident to anyone because no one

will believe her and he would deny it ever happened.

15.     That since the initial incident, throughout the years, Defendant CHIEF CHARLES

HURLEY, would routinely and continuously  make sexual advances toward Plaintiff and request

dates with Plaintiff. All of which were rejected by Plaintiff.

16.     That in June to 2010, Defendant, CHIEF CHARLES HURLEY asked Plaintiff to go on

dates to restaurants in Fort Lauderdale and in Miami both of which Plaintiff refused.

17.     That a few days after this latest rejection by Plaintiff,  Defendant, CHIEF CHARLES

HURLEY had Plaintiff  transferred 35 miles from her  home  to a new work assignment at  South

Operations.

18.     In September/October 2011,  Plaintiff was working at Mays Conservatory of the Arts when

Defendant CHIEF CHARLES HURLEY and Defendant Superintendent, ALBERTO CARVALHO

visited for a tour of the school. During the visit Defendant CHIEF CHARLES HURLEY suggested

to Plaintiff that when  he departs from the school with the Superintendent, he would return to the

school later and meet Plaintiff in her office.  Plaintiff declined the offer.

19.     In January 2012, while Plaintiff was at a department meeting, Defendant, CHIEF CHARLES

HURLEY extended his hand in greeting as if to shake Plaintiff's hand, when Plaintiff shook hands,

Defendant, CHIEF CHARLES HURLEY, immediately began to caress Plaintiff's hand with his

thumb while asking Plaintiff out for a date which was rejected by Plaintiff.

20.     In May 2012, while Plaintiff was attending a defensive tactics martial arts class, Defendant, CHIEF CHARLES HURLEY was also in attendance an kept repositioning himself so he could give Plaintiff piercing glares and flirtatious smiles.

21.     For several years despite Plaintiff's continued rejection of all of Defendant, CHIEF HURLEY, sexual advances, Defendant, CHIEF CHARLES HURLEY, continued to request dates with Plaintiff.

## FACTUAL ALLEGATIONS OF RETALIATION AS
## TO CHIEF CHARLES HURLEY

22.     That in January, 2009, Defendant, CHIEF CHARLES HURLEY, called Plaintiff into his office and asked Plaintiff for a date which Plaintiff refused and leaves his office. Immediately thereafter, Defendant, CHIEF CHARLES HURLEY, recalls Plaintiff into his office and notified Plaintiff that he was rescinding his prior approval for Plaintiff to attend Gang Resistance Education and Training.

23.     That as a consequence of Plaintiff refusing to go on a date with Defendant, CHIEF CHARLES HURLEY, in June 2010, Plaintiff was transferred to South Operations which was 35 miles from Plaintiff's home.

24.     That as a further consequence of Plaintiff's repeated rejection of Defendant CHIEF CHARLES HURLEY'S sexual advances to Plaintiff, Plaintiff has for several years been denied repeated requests for necessary supplies and equipment while such supplies and equipment have been made readily available for other Miami-Dade School police officers.

## COUNT I

## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS TO ALL DEFENDANTS

25.    Plaintiff adopt by reference and incorporates paragraphs 1 through 24 as if fully set forth herein.

26.    Plaintiff is currently employed by Defendants MIAMI- DADE SCHOOL BOARD and MIAMI-DADE SCHOOL POLICE DEPARTMENT as a Police Officer..

27.    That as an employer within the meaning of Title VII of the Civil Rights Act of 1964, at all times, said Defendants owed a duty to Plaintiff not to sexually harass and/or discriminate against her, with respect to employment, compensation or other conditions or privileges of employment due to her gender.

28.    That Plaintiff is a female and a member of a protected class entitled to protection afforded by Title VII of the Civil Rights Act of 1964.

29.    At all times pertinent hereto, Plaintiff was an excellent and dedicated employee, highly proficient, and in all respects, acted in the best interest of her employer(s).

30.    That the gender of the Plaintiff was not a term, requirement nor condition of employment with Defendants; Plaintiff's gender did not in any way affect her job performance.

31.    That during Plaintiff's tenure of employment, Defendants and/or its respective agents and employees victimized her in the following manner(s):

      (a)    Subjected to inappropriate sexual and gender comment, statements and gestures, directly and indirectly;

      (b)    Subjected to repeated and continuous sexual harassment by Defendant, CHIEF CHARLES HURLEY, due to her gender, which was condoned by each of the other Defendants.

    (c)    Subjected to repeated and continuous sexual harassment by Defendant, CHIEF CHARLES HURLEY, which created a long standing hostile and intimidating employment/work environment, based upon conduct set forth in subparts a-b, also directed toward other women and condoned by each of the other Defendants.

    (d)    Subjected to other forms of sexual harassment/gender- target harassment, which may be revealed throughout the course of litigation.

32.    That all of the aforesaid conduct was widely known in the Defendant, MIAMI-DADE SCHOOL POLICE DEPARTMENT, was made known to and complained of by Plaintiff to each of the Defendants.

33.    That, despite knowledge of the allegations contained herein and similar allegations made by other females employed by Defendant, MIAMI-DADE SCHOOL POLICE DEPARTMENT, said conduct continued unfettered, while each  Defendants management, employees, and/or agents refused to make any effort to curtail, investigate, or otherwise, curb and prevent such sexual harassment conduct by Defendant, CHIEF CHARLES HURLEY.

34.    That the acts and omissions of all the Defendants had the purpose and/or effect of substantially interfering with plaintiff's employment and/or creating an intimidating, hostile, and offensive environment.

35.    Defendants had both actual and constructive notice that Defendant, CHIEF CHARLES HURLEY's, repeated and continuous sexual advances toward Plaintiff were creating a hostile and offensive work environment for Plaintiff.

36.    Despite having notice of the repeated and continuous sexual advance by Defendant, CHIEF CHARLES HURLEY, toward Plaintiff and other female employees, supervisory personnel and the other Defendants failed to take any remedial action.

37.    The conduct of Defendant's supervisory employees and Defendants, as set forth above,

and their failure to take remedial action, violates Title VII of the Civil rights Act of 1964.

38.     The opportunity to maintain employment without gender harassment is recognized and

declared a civil right by Title VII of the Civil Rights Act of 1964.

39.     As employers, the Defendants owed a Plaintiff a duty, pursuant to 42 U.S.C A. §2000e-2

        to do the following:

> a.     Not to limit, segregate, classify Plaintiff in a way
>        that deprived or intended to deprive her of an
>        employment opportunity, or otherwise, adversely
>        affect her employment status, because of her
>        gender;
>
> b.     Not to cause and/or condone gender harassment;
>
> c.     Not to develop and/or implement a plan or course
>        of action to intimidate and harass female employees;
>
> d.     Not to develop or implement a procedure that has
>        the effect of intimidating female employees from
>        opposing or complaining about gender harassment
>        and discrimination;
>
> e.     Not to develop or implement a procedure or course of
>        action to retaliate against female employees opposing
>        or complaining of harassment.

40.     Defendant, CHIEF CHARLES HURLEY, violated the duties mandated by Title VII of

the Civil Rights Act of 1964, by harassing Plaintiff based upon her gender. The other Defendants

violated the same Act by failing to take remedial action to end such harassment, as such all

Defendants exhibited a wilful and intentional disregard of Plaintiff's rights and sensibilities.

41.     As a direct and proximate result of each Defendants wilful, knowing and intentional

harassment, Plaintiff has and will continue to experience pain and suffering, severe mental anguish

and emotional distress. The Plaintiff has suffered and will continue to suffer a loss of earning, other

employment benefits, and job opportunities. As such, Plaintiff is thereby, entitled to  compensatory

damages in an amount to be proven at trial.

42.     As a further direct and proximate result of Defendants violation of Title VII of the Civil Rights Act of 1964, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce federal and state laws prohibiting such harassment, and hence forced , to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard, when the same shall be fully and finally ascertained. As such, Plaintiff request that attorneys' fees be awarded, pursuant to Title VII of the Civil Rights Act of 1964.

43.     Plaintiff is informed, believes, and based thereon alleges that Defendants conduct, including all acts and omissions described herein, was done with intent; with a conscious disregard for her rights; and with the intent, design, and purpose of injuring her. Plaintiff is further informed, and believes that Defendants, through its managing agents, and/or supervisors, authorized, condoned, and/or ratified the harassing conduct complained of by her.

## COUNT II

### SEXUAL HARASSMENT IN VIOLATION OF FLORIDA STATUTE §760 AS TO ALL DEFENDANTS

44.     Plaintiff adopts by reference and incorporates paragraphs 1 through 24 and  25 through 43 as if fully set forth herein.

45.     Plaintiff is currently employed by Defendant MIAMI-DADE SCHOOL POLICE DEPARTMENT as a Police officer.

46.     That as an employee within the meaning of Florida Statute §760, the Defendant owed at all times a duty to Plaintiff not to harass and/or discriminate against her with respect to employee, compensation, or other conditions or privileges of employment due to her gender.

47.     That Plaintiff is a woman, and a member of a protected class, entitled to that protection

afforded by Florida Statute §760.

48.     At all times pertinent hereto, Plaintiff was an excellent and dedicated employee, highly

proficient, and in all respects, acted in the best interest of her employer.

49.     That the gender of the Plaintiff was not a term, requirement nor condition of employment

with Defendant; and Plaintiff's gender did not in any way affect her job performance.

50.     That during Plaintiff's tenure of employment, Defendants and/or its respective agents and

employees victimized her in the following manner(s):

       (a)     Subjected to inappropriate sexual and gender comment, statements and
            gestures, directly and indirectly;

       (b)     Subjected to repeated and continuous sexual harassment by Defendant,
            CHIEF CHARLES HURLEY, due to her gender, which was condoned by
            each of the other Defendants.

       (c)     Subjected to repeated and continuous sexual harassment by Defendant,
            CHIEF CHARLES HURLEY, which created a long standing hostile and
            intimidating employment/work environment, based upon conduct set forth
            in subparts a-b, also directed toward other women employees and
            condoned by each of the other Defendants.

       (d)     Subjected to other forms of sexual harassment/gender- target harassment,
            which may be revealed throughout the course of litigation.

51.     That all of the aforesaid conduct was widely known in the Defendant, MIAMI-DADE

SCHOOL POLICE DEPARTMENT, was made known to and complained of by Plaintiff to each

of the Defendants.

52.     That, despite knowledge of the allegations contained herein and similar allegations made

by other female employed by Defendant, MIAMI-DADE SCHOOL POLICE DEPARTMENT, said

conduct continued unfettered, while each Defendants management, employees, and/or agents refused to make any effort to curtail, investigate, or otherwise, curb and prevent such sexual harassment conduct by Defendant, CHIEF CHARLES HURLEY.

53.    That the acts and omissions of all the Defendants had the purpose and/or effect of substantially interfering with plaintiff's employment and/or creating an intimidating, hostile, and offensive environment regarding gender.

54.    Defendants had both actual and constructive notice that Defendant, CHIEF CHARLES HURLEY's, repeated and continuous sexual advances toward Plaintiff were creating a hostile and offensive work environment for Plaintiff.

55.    Despite having notice of the repeated and continuous sexual advance by Defendant, CHIEF CHARLES HURLEY, toward Plaintiff and other female employees, supervisory personnel and the other Defendants failed to take any remedial action.

56.    The conduct of Defendant's supervisory employees and Defendants, as set forth above, and their failure to take remedial action, violates Florida Statute §760.

57.    The opportunity to maintain employment without gender harassment is recognized and declared a civil right, pursuant to Florida Statute §760.

58.    As employers, the Defendants owed a Plaintiff a duty, pursuant to Florida Statute §760, in the following manner:

       a.    Not to limit, segregate, classify Plaintiff in a way that deprived or intended to deprive her of an employment opportunity, or otherwise, adversely affect her employment status, because of her gender;

       b.    Not to cause and/or condone gender harassment;

       c.    Not to develop and/or implement a plan or course of action to intimidate and harass female employees;

    d.    Not to develop or implement a procedure that has the effect of intimidating female employees from opposing or complaining about gender harassment and discrimination;

    e.    Not to develop or implement a procedure or course of action to retaliate against female employees opposing or complaining of harassment.

59.    Defendants violated the duties mandated by Florida Statute §760, sexually harassing the Plaintiff and/or by failing to take remedial action to end such harassment, wilfully and with intentional disregard of Plaintiff's rights and sensibilities.

60.    As a direct and proximate result of each Defendants wilful, knowing and intentional harassment, Plaintiff has and will continue to experience pain and suffering, severe mental anguish and emotional distress. The Plaintiff has suffered and will continue to suffer a loss of earning, other employment benefits, and job opportunities. As such, Plaintiff is thereby, entitled to compensatory damages in an amount to be proven at trial.

61.    As a further direct and proximate result of Defendants violation of Florida Statute § 760, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce federal and state laws prohibiting such harassment, and hence forced , to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard, when the same shall be fully and finally ascertained. As such, Plaintiff request that attorneys' fees be awarded, pursuant to Florida Statute §760.

62.    Plaintiff is informed, believes, and based thereon alleges that Defendants conduct, including all acts and omissions described herein, was done with intent; with a conscious disregard for her rights; and with the intent, design, and purpose of injuring her. Plaintiff is further informed,

and believes that Defendants, through its managing agents, and/or supervisors, authorized, condoned, and/or ratified the harassing conduct complained of by her.

## COUNT III

### RETALIATION BASED ON VIOLATION OF TITLE VII OF THE CIVIL RIGHT ACT OF 1964 AND FLORIDA STATUTE 760

63.   Plaintiff adopts by reference and incorporates paragraphs 1 through 62 as if fully set forth herein.

64.   At all times relevant hereto, Plaintiff was entitled to be free from retaliation under Title VII of the Civil Rights Act of 1964 and Fla. Stat. §760.

65.   In violation of the above stated statutes, shortly after Plaintiff first opposed violations of the aforementioned acts, and made claims that Defendant CHIEF CHARLES HURLEY, based upon her gender, sexually harassed her, she was subjected to retaliation.

66.   This retaliation involved subjecting Plaintiff to adverse employment actions and condition, in that she was treated differently than similarly situated employees, who did not issue such oppositions and charges, with regard to the terms, conditions and benefits of her employment, including;

  a. That Defendants failed to take action, or otherwise, stop subsequent gender harassment directed toward Plaintiff, constituting retaliatory harassment.

  b. That Defendants failed to take action against Defendant CHIEF CHARLES HURLEY, when he targeted Plaintiff with disciplinary actions, reprimands, and other changes to the terms, conditions, and benefits of plaintiff's employment with Defendant, MIAMI - DADE SCHOOL; POLICE DEPARTMENT, which upon information and belief will be revealed through out the course of discovery of their complaint.

67.   This retaliation would not have occurred had Plaintiff not engaged in activity protected under Title VII of the Civil Rights Act of 1964 and Fla. Stat.§760.

68.     As a direct and proximate result of Defendants wilful, knowing and intentional

retaliatory conduct, the Plaintiff has and will continue to experience pain and suffering, severe mental

anguish, and emotional distress.  The Plaintiff has and will continue to suffer a loss of earnings, other

employment benefits, and job opportunities. As such, Plaintiff is thereby entitled to compensatory

damages in an amount to be proven at trial.

69.     As a  further direct and proximate result of Defendants violations, as heretofore

described, Plaintiff has been compelled to retain the service of counsel in an effort to enforce federal

and state laws that prohibit such retaliatory conduct, and hence, forced to incur legal fees and costs,

the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave

of Court to amend this Complaint, in that regard,. when same shall be fully and finally ascertained.

As a result, Plaintiff requests that attorneys' fees be awarded, pursuant to the above stated statutes.

70.     Plaintiff is informed, believes, and based thereon alleges, that Defendants conduct,

described herein, was done with intent; with a conscious disregard for her rights; and with intent,

design, and purpose of injuring her. Plaintiff is further informed, and believes that Defendants,

through its managing agents, and/or supervisors, authorized, condoned, and/or ratified the harassing

conduct complained of by her.

71.     As a further proximate result of Defendants failure to take remedial action against

retaliatory and other conduct, Defendant, CHIEF CHARLES HURLEY, Plaintiff has, in the past, and

will continue to sustain, in the future, medical and mental health care and costs.

**WHEREFORE**, the Plaintiff, YEWANDE GIBSON, makes claims against Defendants,

MIAMI-DADE COUNTY SCHOOL BOARD, MIAMI-DADE SCHOOLS SUPERINTENDENT,

ALBERTO CARVALHO, MIAMI-DADE SCHOOL POLICE DEPARTMENT and MIAMI-DADE

POLICE CHIEF CHARLES HURLEY and demands Judgment for damages in excess of $15,000.00,

costs, interest, attorney's fees if allowable By law, and for such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial ny jury as to all issues triable as a matter of right to a jury.

Date the 14 day of January, 2013

Respectfully Submitted,

Willie E. Gary, Esq.
FBN: 187843
Victor G. Swift, Esq.
FBN:0071048
Gary, Williams, Parenti,
Watson& Gary, P.L.
221 E. Osceola Street
Stuart, FL 34994
(T) 772 283-8260
(F) 772 220-3343
Email: weg@williegary.com
Email: vgs@williegary.com

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 13-01659-CA-23

YEWANDE GIBSON,

       Plaintiff,

v.

MIAMI-DADE COUNTY SCHOOL BOARD,
a Governmental Entity,
MIAMI-DADE SCHOOLS SUPERINTENDENT,
ALBERTO CARVALHO, in his Official capacity,
MIAMI-DADE SCHOOL POLICE DEPARTMENT,
an agency of Miami-Dade Public Schools, and
MIAMI-DADE SCHOOLS POLICE CHIEF,
CHARLES HURLEY, in his Official capacity,

       Defendants.
_____/

## MOTION FOR EXTENSION OF TIME TO SERVE
## ANSWER OR RESPONSIVE PLEADING BY DEFENDANTS MIAMI-DADE
## COUNTY SCHOOL BOARD, MIAMI-DADE SCHOOLS SUPERINTENDENT,
## ALBERTO CARVALHO, AND MIAMI-DADE SCHOOL POLICE DEPARTMENT

Pursuant to Rule 1.090(b) of the Florida Rules of Civil Procedure, Defendants Miami-Dade County School Board, Miami-Dade Schools Superintendent, Alberto Carvalho, and Miami-Dade School Police Department (collectively, "School Board Defendants") file this motion for an extension of time to file their answer or other responsive pleading to the Complaint filed by Plaintiff Yewande Gibson ("Plaintiff") in the above-referenced case. In support thereof, the School Board Defendants state:

    1.    On March 8, 2013, the School Board Defendants received service of the Complaint filed in this action by Plaintiff. Pursuant to Rule 1.140(a) of the Florida Rules of Civil Procedure, the School Board Defendants' answer or other responsive pleading would have been due on March 28, 2013.

2.      Plaintiff and the School Board Defendants have agreed to an early mediation of this matter. The mediation is currently scheduled for April 3, 2013.

3.      If the parties successfully resolve this matter at the April 3 mediation, it will be unnecessary for the School Board Defendants to respond to the Complaint. Accordingly, the School Board Defendants request an extension of 20 days after the completion of mediation to serve their answer or other responsive pleading to Plaintiff's Complaint.

4.      This extension of time will allow the parties an opportunity to pursue resolution of this matter prior to the School Board Defendants having to file an answer or responsive pleading. This will help minimize costs and attorneys fees for the parties and, should this case be settled, will conserve judicial resources.

5.      The School Board Defendants' undersigned counsel, Marilyn Holifield, contacted Plaintiff's attorney, Victor Swift, has not yet responded to this request for extension of time.

WHEREFORE, Defendants Miami-Dade County School Board, Miami-Dade Schools Superintendent, Alberto Carvalho, and Miami-Dade School Police Department respectfully request that the Court grant this Motion for Extension of Time to Serve Answer or Responsive Pleading, and enter an order allowing the School Board Defendants an additional 20 days after the completion of mediation (which is currently set for April 3, 2013) to serve their answer or other responsive pleading in this case.

Respectfully submitted this 25th day of March, 2013.

HOLLAND & KNIGHT LLP

Marilyn J. Holifield, Esq.
Florida Bar No. 293482
Email:  marilyn.holifield@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, Florida  33131
Telephone:  (305) 374-8500
Facsimile:  (305) 789-7799

Lindsay Dennis Swiger, Esq.
Florida Bar No.:  0045783
Email:  lindsay.swiger@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida  32202
Telephone:  (904) 353-2000
Facsimile:  (904) 358-1872

*Attorneys for Defendants Miami-Dade*
*County School Board, Miami-Dade*
*Schools Superintendent, Alberto*
*Carvalho, and Miami-Dade School*
*Police Department*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **March 25, 2013**, a true and correct copy of the foregoing was served via Electronic Mail on the following:

Willie E. Gary, Esq.
Email:  weg@williegary.com
Victor G. Swift, Esq.
Email:  vgs@williegary.com
Gary, Williams, Parenti, Watson & Gary, P.L.
221 E. Osceola Street
Stuart, Florida  34994
*Attorneys for Plaintiff*

Marilyn J. Holifield

#12735187_v1

3

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 13-01659-CA-23

YEWANDE GIBSON,

        Plaintiff,

v.

MIAMI-DADE COUNTY SCHOOL BOARD,
a Governmental Entity,
MIAMI-DADE SCHOOLS SUPERINTENDENT,
ALBERTO CARVALHO, in his Official capacity,
MIAMI-DADE SCHOOL POLICE DEPARTMENT,
an agency of Miami-Dade Public Schools, and
MIAMI-DADE SCHOOLS POLICE CHIEF,
CHARLES HURLEY, in his Official capacity,

        Defendants.

_____/

## DEFENDANTS MIAMI-DADE COUNTY SCHOOL BOARD, MIAMI-DADE SCHOOLS SUPERINTENDENT, ALBERTO CARVALHO, AND MIAMI-DADE SCHOOL POLICE DEPARTMENT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendants, Miami-Dade County School Board, Miami-Dade Schools Superintendent, Alberto Carvalho, in his official capacity and Miami-Dade School Police Department, by and through their undersigned counsel and with the consent of Miami-Dade Schools Police Chief, Charles Hurley, hereby file the attached copy of the Notice of Removal filed in the United States District Court for the Southern District of Florida on March 29, 2013.  Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further unless this case is remanded from the District Court.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

Marilyn J. Holifield, Esq.
Florida Bar No. 293482
Email: marilyn.holifield@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

Lindsay Dennis Swiger, Esq.
Florida Bar No.: 0045783
Email: lindsay.swiger@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872

*Attorneys for Defendants Miami-Dade
County School Board, Miami-Dade Schools
Superintendent, Alberto Carvalho, and
Miami-Dade School Police Department*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, **2013**, a true and correct copy of the foregoing was served via Electronic Mail on the following:

Willie E. Gary, Esq.
Email: weg@williegary.com
Victor G. Swift, Esq.
Email: vgs@williegary.com
Gary, Williams, Parenti, Watson & Gary, P.L.
221 E. Osceola Street
Stuart, Florida 34994
*Attorneys for Plaintiff*

2

#12757632_v1